IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY RAY RIKE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PHH MORTGAGE CORPORATION, § <br> *et al.*, § <br> § <br> Defendants. § | Civil Action No. 3:24-CV-02552-N |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants PHH Mortgage Corporation ("PHH") and U.S. Bank Trust Company National Association's ("U.S. Bank") motion to dismiss [4]. For the following reasons, the Court grants Defendants' motion.

**I. ORIGINS OF THE DISPUTE**

This dispute centers on mortgaged property in Rockwall, Texas, owned by Plaintiff Gary Ray Rike. *See* Pl.'s Orig. Pet. ¶¶ 6–7 [9-1]. Rike obtained a loan from WMC Mortgage Corporation ("WMC") to purchase the property. *Id.* The loan was secured by a mortgage on the property. *Id.* U.S. Bank is the successor-in-interest to WMC and is the current holder of the loan. *Id.* ¶ 7. And PHH is the current servicer of the loan. *Id.* Due to Rike's alleged default on the loan, Defendants sought to foreclose on the property, so Rike brought an action in state court prior to the instant suit to prevent the foreclosure attempt. *Id.* ¶ 8; *see also* Defs.' App. 032–36 [5]. Defendants removed the case to this Court, and the Court entered a default judgment permitting nonjudicial foreclosure of the

MEMORANDUM OPINION AND ORDER – PAGE 1

property and a final judgment dismissing with prejudice all Rike's claims.[1]  Defs.' App. 032–36.

After Defendants again attempted to sell the property in foreclosure proceedings, Rike filed this suit in state court, bringing claims for breach of contract and violation of the Texas Property Code and requesting declaratory and injunctive relief.  Pl.'s Orig. Pet. ¶¶ 9, 13–25.  The state court entered a temporary restraining order blocking Defendants from conducting the foreclosure proceedings.  *See* Defs.' Removal Notice, Ex. A-3 [1-1].  Defendants then removed the case to this Court and now move to dismiss all Rike's claims.  Defs.' Mot. Dismiss 5 [4].  Rike did not file a response to the motion to dismiss.

## II.  LEGAL STANDARDS

### A.  *Rule 12(b)(6) Motion to Dismiss*

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a

---

[1] *See Rike v. PHH Mortgage Services*, Civil Action No. 3:22-cv-01530-S.

plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, in "deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

## B. *Res Judicata*

The doctrine of res judicata ensures that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Dotson v. Atlantic Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). "As a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citing *Semtek*, 531 U.S. at 508)).

Under Texas law, res judicata applies when (1) the parties to both actions are either identical or in privity; (2) a court of competent jurisdiction rendered a final judgment on the merits in the prior action; and (3) the second action is based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). A "judgment in an earlier suit precludes a second action . . . not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798–99 (Tex. 1992) (internal quotation marks and citation omitted).

Generally, res judicata arguments cannot be raised in a Rule 12(b)(6) motion to dismiss and must be pled as an affirmative defense. *Meyers v. Textron, Inc.*, 540 F. App'x

408, 410 (5th Cir. 2013) (unpub.). Courts may consider res judicata grounds for dismissal, however, "when the facts are admitted or not controverted or are conclusively established." *Id.* (internal quotation marks and citation omitted); *see also Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (unpub.) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.").

### III. THE COURT GRANTS THE MOTION TO DISMISS

#### A. Res Judicata Bars Rike's Breach of Contract Claim

Defendants argue that res judicata bars Rike's breach of contract claim. Defs.' Mot. Dismiss 8–10. The Court agrees; uncontroverted facts establish all elements of res judicata. The prior judgment shows, and Rike does not dispute, that the parties in this action are identical to the parties in the prior suit and that there is a final judgment in the prior suit rendered by a court of competent jurisdiction. *See* Defs.' App. 032–36. Moreover, in both actions, Rike contests Defendants' ability to foreclose on the same property pursuant to Rike's ongoing default on the same loan. He alleges breach of contract in both this suit and the prior suit, and the claims are premised on the same key facts: Defendants' alleged failures to provide adequate notice prior to foreclosure attempts on the same property pursuant to the same loan agreement and default. Accordingly, the Court finds res judicata bars Rike's breach of contract claim and dismisses it. *See BAPA Brooklyn 2004, LLC v. Wilmington Savings Fund Soc., FSB*, 2020 WL 30356, at *2 (N.D. Tex. 2020) (Godbey, J.) (finding res judicata barred breach of contract claim in subsequent suit concerning same

foreclosure attempt on same property and pursuant to same loan agreement and default adjudicated in a prior suit); *Getty Oil Co.*, 845 S.W.2d at 799 (finding res judicata barred a subsequent suit concerning the same contract and requested relief adjudicated in a prior suit).

### B. Rike's Texas Property Code Claim Fails

Rike also asserts a claim for violation of Texas Property Code section 51. Multiple courts have recognized that section 51.002 — which sets forth preforeclosure notice requirements — does not create a private cause of action and instead construe such claims as claims for wrongful foreclosure. *See M Speed Motor Sports LLC v. Capital Fund I, LLC*, 2025 WL 1160007, at *4 (N.D. Tex. 2025) (Godbey, C.J.) (collecting cases). "To state a claim for wrongful foreclosure, a plaintiff must allege: '(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.'" *Id.* at *2 (quoting *Duncan v. Hindy*, 590 S.W.3d 713, 723 (Tex. App. — Eastland 2019, pet. denied)).

Defendants argue that this claim fails because Rike has not pleaded the requisite elements and maintains possession of the property. Defs.' Mot. Dismiss 16–19. Rike does not allege that any sale proceeding has occurred. Instead, he obtained a temporary restraining order in state court blocking Defendants from conducting the foreclosure proceedings. *See* Defs.' Removal Notice, Ex. A-3. But a wrongful foreclosure claim requires the sale to have gone through. *See Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406–07 (5th Cir. 2017) (per curiam) (noting "a party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property" (internal

quotation marks omitted) (quoting *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013) (unpub.) (per curiam))). Because no sale has happened, there can be neither a defect in the sale proceedings nor a grossly inadequate selling price. The Court therefore grants the motion to dismiss Rike's Texas Property Code claim.

### C.  Rike's Requests for Declaratory and Injunctive Relief Fail

Lastly, Rike seeks declaratory and injunctive relief regarding the pending foreclosure sale. *See* Pl.'s Orig. Pet. ¶¶ 13–16. However, because the Court has dismissed all Rike's substantive claims, Rike cannot prevail on his declaratory and injunctive relief claims. *See M Speed Motor Sports*, 2025 WL 1160007, at *4 (dismissing injunctive relief claim because all substantive claims had been dismissed); *Schneider v. Haley*, 2025 WL 834832, at *4 (N.D. Tex. 2025) (Godbey, C.J.) (finding plaintiff could not prevail on declaratory relief claim because she could not prevail on her other claims). Thus, the Court dismisses these claims.

### CONCLUSION

Because Rike's breach of contract claim is barred by res judicata, and because Rike failed to allege sufficient facts to state a plausible claim for a violation of Texas Property Code section 51, declaratory relief, or injunctive relief, the Court grants Defendants' motion and dismisses this case with prejudice.[2]

---

[2] Rike did not respond to the motion to dismiss and has not otherwise sought leave to amend his complaint. Accordingly, the Court dismisses this case with prejudice.

Signed April 29, 2025.

_____
David C. Godbey
Chief United States District Judge